**Michael Wayne TURNER, Petitioner—Appellant,**

**v.**

**D.L. RUNNELS (Warden); et al., Respondents—Appellees.**

**No. 08–55313.**

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2009.[*]

Filed April 17, 2009.

Andrew A. Esbenshade, Esquire, Caldwell Leslie Proctor & Pettit, Los Angeles, CA, for Petitioner–Appellant.

Rama Ronald Maline, Deputy Attorney General, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Michael Turner, a state prisoner, petitions for review of the district court's denial of his petition for the writ of habeas corpus.[1] Because Turner's petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act applies. *Chein v. Shumsky,* 373 F.3d 978, 983 (9th Cir.2004) (en banc). We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

Turner was convicted in the California Superior Court of one count of arson of an inhabited structure, Cal.Penal Code § 451(b), one count of first degree burglary, *id.* § 459, and one count of making a terrorist threat, *id.* § 422. With enhancements for taking, damage, or destruction of property with a value exceeding $50,000, *id.* § 12022.6(b), and for a prior serious felony conviction, *id.* §§ 667, 1170.12, Turner was sentenced to a term of imprisonment of twenty-three years and four months.

■ We agree with the district court that trial counsel's failure to conduct an investigation into the facts was deficient performance. By failing to take even the minimal step of reviewing information that had been collected by Turner's former counsel, trial counsel failed in his duty to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."

*See Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That Turner himself asked trial counsel to look into evidence of third-party culpability and his alibi defense makes the failure to investigate even more unreasonable. *See id.* ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions.").

We also agree with the California Court of Appeal and the district court that there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 694, 104 S.Ct. 2052. The physical evidence linking Turner to the arson, in combination with his lie to the police about having made the 911 call, provides overwhelming evidence of his guilt. Turner concedes that he was at the apartment shortly before the fire started, that he was kicking the door and threatening the occupants of the apartment, that he was arrested with matches and a lighter in his pocket, and that gasoline was detected on the pants he was wearing at the time of his arrest. As the district court correctly noted, none of the evidence that Turner adduced during the habeas proceedings refutes any of the evidence connecting him to the arson or to the threats made against the occupants of the apartment. Viewed under the federal habeas standard, the California Court of Appeal's conclusion that trial counsel's deficient performance did not prejudice Turner was not an unreasonable application of clearly established federal law. *See Woodford v. Visciotti,* 537 U.S. 19, 24–27, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (*per curiam*).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We commend Andrew Esbenshade and Caldwell Leslie & Proctor, PC, for representing Mr. Turner pro bono and for their excellent work.

Finally, we agree with the district court that there was no error requiring a presumption of prejudice under *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Although trial counsel's performance was deficient, he did not completely fail to subject the prosecutions's case to meaningful adversarial testing; he was present at all stages of the trial; and he succeeded in deadlocking the jury on several charges. *See United States v. Thomas,* 417 F.3d 1053, 1056–59 (9th Cir.2005).

**AFFIRMED.**